Alan Baum, SBN 42160
The Criminal Defense Group
4181 Sunswept Drive, Ste. 100
Studio City, CA 91604
Telephone (818) 487-7400
Fax (818) 487-7414

Attorneys for Defendant,
JOHN C. BLANCHARD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal No. 12 CR 50051-1 |
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S REPLY TO** |
| | ) **GOVERNMENT'S RESPONSE** |
| JOHN C. BLANCHARD | ) |
| Defendant. | ) |

## **REPLY**

<u>"Number of Victims" Issue</u>

First of all, Defendant needs to correct his misunderstanding regarding the manner in which the Probation Officer calculated the Amount of Loss for the purpose of applying the USSG 2B1.1(b)(1)(I) enhancement, (PSIR ¶21), and does so here since the components of the amount of loss has a direct bearing on the "Number of Victims" issue. In his Sentencing Memorandum the defendant stated that the total loss of $2,011,698.19 as reflected in paragraph 21 of the PSIR "is a combination of the face amount of the laptop computer contracts, the false invoices submitted by Amy Johnson to the DOL, and that approximately $98,000 in unpaid wages" (Defendant's Sentencing Memorandum page 3). In fact, the total loss figure was reached by adding the face amount of the laptop computer contracts ($1,910,623.93), the unpaid wages to 8 named veterans ($98,159.16) and the alleged unpaid wages to David Nielsen ($2,915.10).

A proper application of the "number of victims" enhancement requires proof that the alleged victim is "any person who sustained any part of the actual loss sustained under subsection (b)(1)" (Application Note 1 to Section 2B1.1) "Actual Loss:" is defined in

Application Note 3(A)(i) to 2B1.1 as "the reasonably foreseeable pecuniary harm that resulted from the offense." Defendant contends that David Nielsen has suffered no "actual loss" as defined and therefore, should not be considered for the purpose of the number of victims enhancement. Not only did he receive years ago the $2,915.10 that he claimed was unpaid, but evidence will show that he also received an automobile from the defendant which was worth more than the claimed unpaid wages.

Assuming that the Court finds that "the government" is to be counted as a victim (which the Probation Officer did not), the total number of victims is 9, not 10 or more, and the enhancement should not apply.

### Corporate Taxes

As a commentary on the defendant's "character' the Response calls the Court's attention to PSIR, ¶¶ 77-78. Defendant is in the process of obtaining proof that he has established a repayment program for all said taxes and is in compliance therewith.

Respectfully submitted,

DATED: SEPTEMBER 25, 2014

/S/ ALAN R. BAUM
ALAN R. BAUM 42160
Attorney for Defendant John Blanchard
The Criminal Defense Group
4181 Sunswept Dr., Ste.100
Studio City, CA 91604
abaum@cdgemail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2014, the DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE was submitted electronically on the Electronic Case Filing System of the Clerk of the U.S. District Court for the Northern District of Illinois.

                                                              /s/    Alan Baum