UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 12 CR 50051-1 |
| vs. ) | Judge Frederick J. Kapala |
| ) | |
| JOHN C. BLANCHARD ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO VACATE RESTITUTION ORDER AND FOR OTHER RELIEF**

The UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant's motion to vacate restitution order and for other relief[1]:

**BACKGROUND**

Defendant pleaded guilty to Count One of the indictment, which charged defendant with wire fraud, in violation of Title 18, United States Code, Section 1343. R.1, R.146. Defendant was sentenced to 56 months' imprisonment and ordered to pay $267,697.49 in restitution. R. 201 and 204. Defendant has filed a motion to vacate the restitution order. Defendant states that he owns two properties in Crystal Lake, Illinois, one on West

---

[1] All citations to the documents contained in the record are denoted "R." and followed by the applicable document number. All citations to defendant's motion to vacate restitution order (R. 208) "M." and followed by the applicable page number.

Hillside and one on Foxfire Drive ("Crystal Lake properties"). M.1. Defendant claims that the aggregate fair value of the Crystal Lake properties exceeds his restitution obligation. *Id.* Defendant requests "the opportunity to provide the government herein with quit-claim deed interests" in the Crystal Lake properties.

## DISCUSSION

### A. Finality of Restitution Judgments under Section 3664(o)

Defendant fails to cite the statute or rule that serves as a jurisdictional basis for the relief he seeks. However, once a district court sentences a criminal defendant, it has only limited authority to revisit the sentence, and that authority must derive from a specific statute or rule. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Defendant seeks an order to vacate the restitution judgment this Court entered at sentencing. A restitution order, like the other components of a criminal sentence, is a final judgment and with only a few exceptions can it be modified post-judgment. 18 U.S.C. § 3664(o).[2] Defendant's requested relief does not fall under § 3664(o), so there is presumptively no jurisdiction for this Court to grant that relief.

---

[2] 18 U.S.C. § 3664(o) provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
> (1) such a sentence can subsequently be—
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

2

Section 3664(o), setting forth the finality and exceptions to finality of restitution, has parallel provisions for two other components of a criminal sentence: 18 U.S.C. § 3572(c) (criminal fines), and 18 U.S.C. § 3582(b) (sentences of incarceration). Like § 3664(o), its counterparts, structured and worded the same, declare the finality of the sentencing component and list the few ways in which the sentencing component can be modified post-judgment.[3] Although it has not so ruled for § 3664(o), the Seventh Circuit has held that any post-judgment modification of a criminal fine or sentence must come under one of the exceptions to finality listed in those sections. *United States v. Rogala*, 2012 WL 3065282 (unpublished) (7th Cir. 2012) (under § 3572(c) "a court's jurisdiction to alter the amount of a fine is limited"); *United States v. Jefferson*, 476 Fed.Appx. 86, (7th Cir. 2012) (district court is without subject-matter jurisdiction to modify sentence of incarceration absent exceptions set out in § 3582(b)) (citing *United States v. Lawrence*, 535 F.3d 631, 634 (7th Cir.2008)).

---

      (B) appealed and modified under section 3742;
      (C) amended under subsection (d)(5); or
      (D) adjusted under section 3664(k), 3572, or 3613A; or
     (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

[3] Some of the exceptions overlap – *e.g.*, all three mention corrections under Fed R. Crim. P. 35 and modifications under 18 U.S.C. § 3742 – and other provisions are unique to a sentencing component – *e.g.*, fines and interest on fines can be remitted under 18 U.S.C. § 3573, but remission is not available for restitution.

Other circuits have indicated that if a post-judgment request to modify restitution does not fall under the exceptions listed in § 3664(o), there is no jurisdiction for the district court to grant the request. *United States v. MacArthur*, 2013 WL 631096 (11th Cir. 2013) (district court has no inherent authority to modify restitution order and can only do so within parameters of § 3664(o)); *United States v. May*, 2012 WL 4069585 (unpublished) (6th Cir. 2012) (defendant's request for declaration that restitution debt satisfied not cognizable under § 3664(o), but was under §3664(j))[4]; *United States v. Stearns*, 472 Fed.Appx. 663 (9th Cir. 2012) (§ 3664(o) provides "limited circumstances under which an order of restitution may be altered"). Because the Seventh Circuit's interprets the parallel provisions of Title 18 relating to the finality of sentences of fines and incarceration as jurisdiction-limiting provisions, it is likely that they would also hold that if the relief a petition seeks is not listed among its exceptions to finality, § 3664(o) does not provide a jurisdictional basis to consider the request to modify or vacate a restitution judgment.

---

[4] *May's* holding that a court has jurisdiction under section 3664(j) to determine whether the judgment has been paid does not implicate the finality of the judgment. *May* involved a defendant's claim that his criminal restitution judgment had been satisfied via a civil settlement between the defendant and his victim  Although the court had jurisdiction to hear that claim under § 3664(j) – which provides that a defendant shall get credit for payments made to the victim in a civil proceeding for the "same loss" – defendant was not contending the amount of the judgment was incorrect, simply that it had been satisfied by virtue of the civil settlement, a contention *May* rejected.

Defendant in his motion nowhere cites § 3664(o) or the statutes and rules mentioned in its subsections. The reason is that the relief defendant requests – the opportunity to quit claim his interests in the Crystal Lake properties and for the court to vacate the restitution order – is nowhere mentioned in § 3664(o) as a basis to revisit a restitution judgment. As such, Blanchard has failed to demonstrate a jurisdictional basis that would, under *Goode,* allow the Court to grant the relief he requests. Even if there were jurisdiction, Blanchard's claims – that he should have the opportunity to quit claim his interests in the Crystal Lake properties and that the court to vacate the restitution order - are unfounded.

B.     **Quit Claim and Vacating Restitution Order Contribution**

Generally, the only way in which a money judgment can be satisfied is by payment in money unless the parties agree otherwise." *Home State Bank/National Ass'n v. Potokar*, 617 N.E.2d 1302, 1305 (2d Dist. 1993). Defendant has failed to provide any authority for this Court to order the government to accept quit claim deeds from the defendant for the Crystal Lake properties as satisfaction of his obligations under the restitution judgment. In addition, defendant asserts that the value of the Crystal Lake properties likely exceeds defendant's restitution obligation. However, the government's investigation of the Crystal Lake properties has revealed that

both properties are currently subject to foreclosure proceedings in the McHenry County Circuit Court, case numbers 13 CH 00201 (Foxfire Drive property) and 14 CH 00645. Defendant was served as a defendant in both 13 CH 00201 and 14 CH 00645, but fails to note these foreclosure actions in his motion.

## II. CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court enter an order dismissing defendant's motion to vacate restitution order and for other relief for lack of jurisdiction or in the alternative to deny defendant's motion to vacate restitution order and for other relief.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

By: /s Joseph C. Pedersen
    JOSEPH C. PEDERSEN
    Assistant United States Attorney
    327 South Church Street–Room 3300
    Rockford, IL 61101
    (815) 987-4444

# CERTIFICATE OF FILING AND SERVICE

I, JOSEPH C. PEDERSEN, certify that on March 6, 2015, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO VACATE RESTITUTION ORDER AND FOR OTHER RELIEF**

were served pursuant to the district court's ECF system as to ECF filers, and was sent via United States Mail on March 6, 2015, to the following non-ECF filer:

>John C. Blanchard
>Reg. No. 4494330102-424
>FCI Milan
>P.O. Box 1000
>Milan, MI 48160

>/s Joseph C. Pedersen
>JOSEPH C. PEDERSEN
>Assistant United States Attorney
>327 South Church Street–Room 3300
>Rockford, Illinois 61101
>815-987-4444